UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW POWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>M. BARRON, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00089-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br><br>[ECF No. 1] |

Plaintiff Matthew Powell is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed original complaint on January 20, 2015.

**I.**

**DISCUSSION**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. See Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993); Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Plaintiff brings this action against correctional officers at Corcoran State Prison. Plaintiff names M. Barron, R. Goings, I. Rivera, R. Hubach, K. Daveiga, J. Jones, Maurice Junious, Derral G. Adams, Jack Batchelor, and N. Grannis, as Defendants.

In January 2007, Plaintiff's cell had been searched approximately three to four times and items were removed from his cell without correctional officers leaving a cell search receipt. Plaintiff raises various potential claims for relief, including due process violations, retaliation, excessive force, and denial of access to the courts. The event that gives rise to Plaintiff's various claims occurred on January 30, 2007, when his cell was searched by Defendants Barron and Goings and certain personal and legal property was confiscated.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-955.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the

purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at 101-103.

Plaintiff was incarcerated at the time he filed suit and is entitled to application of the two year tolling provision.  Thus, he had one year, plus two years for tolling, from the date the claims accrued.  Plaintiff's claims accrued on or around January 30, 2007, and the instant action initiated on January 20, 2015, appears to be filed well beyond the limitations period.  Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleading or the court's own records.  Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984); Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-687 (9th Cir. 1993).  In this instance, the statute of limitations defense appears obvious from the face of the complaint.  Therefore, the Court will order Plaintiff to show cause why this action should not be dismissed as time barred.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30)** days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed as time barred; and

2. Failure to respond to this order will result in dismissal of the action.  Local Rule 110.

IT IS SO ORDERED.

Dated: __April 17, 2015__

UNITED STATES MAGISTRATE JUDGE