1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA**

10

11   MATTHEW POWELL,                     )   Case No.: 1:15-cv-00089-SAB (PC)
                                          )
12                    Plaintiff,          )
                                          )   ORDER FINDING COGNIZABLE DENIAL OF
13          v.                            )   ACCESS TO THE COURTS CLAIM, AND
                                          )   DISMISSING ALL OTHER CLAIMS AND
14   M. BARRON, et al.,                   )   CERTAIN DEFENDANTS FOR FAILURE TO
                                          )   STATE A COGNIZABLE FOR RELIEF
15                    Defendants.         )
                                          )   [ECF No. 31]
16   _____   )

17          Plaintiff Matthew Powell is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of

19   the United States Magistrate Judge on February 2, 2015.  Local Rule 302.

20          Currently before the Court is Plaintiff's second amended complaint, filed March 2, 2016.

21   (ECF No. 31.)

22                                          **I.**

23                              **PROCEDURAL HISTORY**

24          Plaintiff filed the instant action on January 20, 2015.  On April 20, 2015, the Court screened

25   the complaint pursuant to 28 U.S.C. § 1915A(a), and issued an order to show cause why the action

26   should not be dismissed as barred by the applicable statute of limitations.  (ECF No. 8.)  After Plaintiff

27   filed a response to the order to show cause, the Court discharged the order on August 3, 2015.  (ECF

28   Nos. 16 & 19.)  In the August 3, 2015, order, the Court found that the original complaint stated a

                                          1

1   cognizable claim against Defendants Barron and Goings for excessive force in violation of the Eighth

2   Amendment, but failed to state any other cognizable claims for relief.  (ECF No. 19.)  The Court

3   directed Plaintiff to file an amended complaint or notify the Court of his intent to proceed only on the

4   excessive force claim.  (Id.)  On September 24, 2015, Plaintiff filed a first amended complaint.  (ECF

5   No. 23.)  On December 9, 2015, the Court found that Plaintiff's first amended complaint stated a

6   cognizable excessive force claim against Defendants Barron and Goings and a cognizable denial of

7   access to the courts claim against Defendants Barron, Goings, Rivera, Hubach and Adams.  (ECF No.

8   25.)  Plaintiff was directed to file a second amended complaint or notify the Court of his intent to

9   proceed on the two claims found cognizable.  (Id.)  As previously stated, Plaintiff filed a second

10  amended complaint on March 2, 2016, which is the subject of the instant screening.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff names M. Barron, R. Goings, I. Rivera, R. Hubach, K. Daveiga, J. Jones, J. Buckley, Maurice Junious, Derral G. Adams, Jack Batchelor, and N. Grannis, as Defendants.

During the month of January 2007, Plaintiff's cell had been searched approximately three to four times and items were removed from his cell without correctional officers leaving a cell search receipt.

Correctional officers threatened to pepper spray Plaintiff and handcuffed Plaintiff and forcibly dragged him up the stairs while in handcuffs.  Officers then retaliated against Plaintiff by searching his cell, seizing and destroying personal property, and issuing a rules violation report.  The seizing and destruction of Plaintiff's legal files led to Plaintiff's federal habeas corpus petition being dismissed as untimely.

On January 30, 2007, at approximately 7:30 p.m., correctional officers M. Barron and R. Goings were searching cells within the facility.  After each cell was searched, Barron and Goings would push and drag all of the items previously taken from the cells that were searched and put it in front of the next cell.

At approximately 8:15 p.m., Barron and Goings proceeded to search Plaintiff's cell.  Plaintiff stepped out of his cell and went downstairs while Barron and Goings conducted a search of Plaintiff's cell.  When Plaintiff returned and entered his cell, he noticed it had been ransacked and was in disarray.  Plaintiff then requested a cell search receipt which is to be provided anytime a correctional officer searches a cell.  Officer Goings denied the request and told Plaintiff to "lock it up."  Plaintiff refused "to lock it up without a cell search receipt."  Officer Barron then pulled out his pepper spray

can and started to shake it and told Plaintiff to "lock it up nigger before I spray you!"  Officer Goings then took out his can of pepper spray and proceeded to shake it just as officer Barron.

Plaintiff "backed up quickly and made it downstairs with both Barron and Goings close behind with their pepper spray canisters in their hands.  Plaintiff voluntarily got on his knees with his hands up to show he wasn't being hostile and to avoid being sprayed.  Plaintiff assumed he would still be sprayed as Barron and Goings still had their pepper spray canisters in their hands so he proned out on the ground.  Officer Barron holstered his pepper spray and proceeded to handcuff Plaintiff while officer Goings watched with his pepper spray in hand.  Once Plaintiff was handcuffed, officers Barron and Goings proceeded to forcibly drag Plaintiff back to his cell up the stairs.  Plaintiff yelled out in pain because both officers were dragging him by the arms bending them all the way forward.  Barron and Goings subsequently threw Plaintiff back to the ground and the buildings alarm was activated.

When an alarm is activated responding correctional officers, the sergeant on watch, the lieutenant on watch, and medical personnel are supposed to report to the alarm.  The lieutenant who should have been working that shift was lieutenant R. Hubach.  Hubach purposely failed to respond to the alarm to avoid witnessing his subordinates commit malicious acts.  Hubach made it his policy to not respond to any alarms.  Hubach's subordinates know this and fear no repercussions for any negligent actions.

Sergeant I. Rivera responded to the alarm and Plaintiff was escorted outside the building for approximately twenty minutes.  When Plaintiff was returned to the building, Plaintiff noticed that Sergeant Rivera was standing in front of his cell doorway and told the officers to wait a minute to un-handcuff Plaintiff.  At that time, officer's Barron and Goings exited Plaintiff's cell tossing and kicking out trash.  The trash was taken to the "hot trash" room, and once Plaintiff was un-handcuffed and in his cell, Sergeant Rivera proceeded to harass Plaintiff about disobeying his officers.  When Plaintiff asked for a cell search receipt, officer Barron replied (in front of officer Goings and Sergeant Rivera) "your cell search receipt will be a 115 … for making me look bad in front of my comrades."

During this time, Plaintiff's cellmate Huggins was in the shower, and Plaintiff subsequently realized that his Super III radio was missing along with all of his legal files which contained trial transcripts, case law, briefs, notes, and forms.  Inmate Huggins went to inform control tower officer

Aquirre that Plaintiff was missing his property and legal files, and Aquirre informed officer's Barron and Goings of the missing items. Goings indicated he went to look for the items but did not find anything.

Officer Barron has prior behavior of searching inmate cells and taking and destroying personal property without cause and without issuance of cell search receipt. Warden, Derral G. Adams, knew about Barron's prior history of destroying inmates' personal possession and left him in a position to continue to do so.

Warden Adams allows his employees to create their own policies when dealing with an inmate's legal files. While Plaintiff was navigating his federal habeas corpus challenging the motion to dismiss for untimeliness he was put up for transfer. Because of Adams policies or lack therefore, Plaintiff's legal files were confiscated and he was forced to send them home or have them destroyed.

When Plaintiff went to pack his property to transfer, receiving and release officers informed Plaintiff that he had too much property (over the six cubic feet limit) but failed to enforce its own policy pursuant to California Code of Regulation 3161 which states: "Inmates may request the institution/facility to store excess legal material/documents related to their active case(s) when such materials/documents exceed this one cubic foot additional allowance." This policy was not followed.

When Plaintiff's legal files were returned by way of his family sending him documents, Plaintiff filed his federal habeas corpus petition. The State filed a motion to dismiss the petition, and the petition was dismissed as untimely. The Defendants destruction of Plaintiff's personal property and legal files led to the dismissal of Plaintiff's petition challenging his criminal conviction as untimely.

While processing Plaintiff's inmate appeals, prison officials failed to act to remedy a wrong. On each level of Plaintiff's appeal prison officials failed to remedy or correct the wrong by purposely issuing a decision that is contrary to a regulation.

On May 21, 2007, Plaintiff's inmate appeal was screened out by correctional counselor J. Buckley. Buckley unattached supporting documents from Plaintiff's appeal then issued a screen out in an effort to obstruct Plaintiff's grievance process. Plaintiff received the screened out appeal on May 22, 2007, and that same day he received his supporting documents unattached from his grievance with

5

writing stating "rec'd w/no appeal attached 5/21/07."   When Plaintiff mailed his grievance on May 9, 2007, it was stapled and in an envelope.

On June 6, 2007, Plaintiff responded to the screen-out and sent the grievance directly to Warden Adams along with a separate letter detailing the situation.  Warden Adams then had first-hand knowledge of the incident.  Plaintiff also forwarded a duplicate copy of the letter to Chief Deputy Warden, Maurice Junious and counselor Buckley.

On July 19, 2007, Plaintiff's appeal was "partially granted" and then "denied."  Jones originally did the right thing in her original interview decision by "partially granting" at the second level of review and then negligently produced another decision to deny the grievance at the order of Junious.

Plaintiff was also found guilty of a rules violation report for possession of inmate manufactured alcohol by senior hearing officer lieutenant Hubach.  Officer Barron falsified the report as Plaintiff contends there was no alcohol in his cell.

On August 9, 2007, Plaintiff sent his appeal to the third level of review which was denied on November 7, 2007.

### III.

### DISCUSSION

#### A.     Due Process-Cell Search

Under the Fourth Amendment, a seizure of property "occurs when there is some meaningful interference with an individual's possessory interest in that property."  United States v. Jacobsen, 466 U.S. 109, 113 (1984).  The United States Supreme Court has held that "the Fourth Amendment has no applicability to a prison cell."  Hudson v. Palmer, 468 U.S. 517, 536 (1984).  Further, the Court noted, "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests."  Id. at 528 n. 8.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson

v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff's allegations indicate that Defendants Barron and Goings wrongfully and arbitrarily confiscated and destroyed his personal property and legal files.  In addition, Plaintiff's claim that Defendants confiscated and destroyed his property during his transfer without authorization likewise fails to state a due process claim.  The unauthorized deprivation of property, be it negligent or intentional, does not give rise to a claim for relief under the Due Process Clause.  Hudson, 468 U.S. at 533.

Title 15 of the California Code of Regulations, section 3287, pertains to "Cell, Property, and Body Inspection."  This section provides that "[t]he purpose of such inspections is to fix responsibility or the absence of responsibility for security and safety hazards and serious contraband found in the cell, room or dormitory area.  Id.  Under section 3287(a)(1), a correctional officer charged with conducting the inspection is authorized to search "occupied cells, rooms and dormitory areas, including fixtures and lockers, and any personal and state-issued property of the occupant … on an infrequent and unscheduled basis."  Cal. Code Regs. tit. 15, § 3287(a)(1).  The regulations further provide that:

> The inmate will be given a written notice of any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property.  The notice will also list any contraband picked up or any breach of security noted during the inspection, and the follow-up action intended by the inspecting officer.

Id. at § 3287(a)(4).

Plaintiff contends that his due process rights were violated because he was not provided a property receipt relating to the seized property.  However, as discussed above, the Due Process Clause guarantees only those protections outlined in Wolff; it does not mandate that prisons comply with their own more generous rules.  See Walker, 14 F.3d at 1419-1420; accord Bostic v. Carlson, 884 F.2d

7

1267, 1270 (9th Cir. 1989) (prison's failure to meet its own guideline requiring hearing to be held in eight days of charge would not alone constitute denial of due process).  Thus, the mere fact that Defendant Barron may not have complied with his duty to issue a property receipt (as outlined by § 3287) does not establish that Plaintiff was denied due process of law.

It is apparent from Plaintiff's complaint that after the search of his cell, officers informed Plaintiff contraband in the form of fruit, syrup and inmate manufactured alcohol was confiscated. Obviously no cell receipt is necessary for unauthorized property, i.e. alcohol.  See Cal. Code Regs., tit. 15, 3190 & 3191, unauthorized or unregistered property in an inmate's cell is subject to confiscation.

However, Plaintiff also contends that personal property and legal files were confiscated in contravention of prison regulations and in violation of his constitutional rights.  Allegations of essentially random and unauthorized deprivations of personal property, do not allege a violation of a federal constitutional right.  Although such unauthorized deprivations of personal property may amount to state law violations, they do not constitute federal due process violations.  Consequently, Plaintiff's allegations regarding the confiscation of his personal property and legal files fails to give rise to a due process violation under § 1983.

To the extent Plaintiff seeks to state a due process claim based solely on the allegedly "false" allegations Defendant Barron wrote in the rules violation, Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983.  A prisoner does not have a constitutional right to be free from falsified disciplinary reports.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("[A] prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1140-1141 (7th Cir. 1984) (allegations of a false or fabricated disciplinary charge against an inmate fail to state a claim under § 1983); see also Buckley v. Gomez, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997) (citing Freeman and noting that "courts have held that a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports.").  Thus, to the extent Plaintiff seeks to assert a claim against Defendant Barron based on "false" allegations resulting in a rules violation for which he was found guilty, such claim is not

sufficient to state a due process violation.  Accordingly, Plaintiff fails to state a cognizable due process violation.

**B.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Although the Court previously found that Plaintiff stated a cognizable excessive force claim against Defendants Barron and Goings, upon further review of the complaint and record it is now clear that such claim is barred by the applicable statute of limitations.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action."  Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009)(citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

///

9

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law.  Jones, 393 F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1.

As previously mentioned, on April 20, 2015, the Court issued an order to show cause why the action should not be dismissed as barred by the statute of limitations. In Plaintiff's response to the order to show cause, Plaintiff addresses only his denial of access to the courts claim by arguing that it did not accrue until the denial of his habeas corpus petition on December 12, 2011, by the United States Supreme Court.  (ECF No. 16.)  It is clear from the facts of the second amended complaint and Plaintiff's previous filing that any claim for the use of excessive force by Defendants Barron and Goings accrued on January 30, 2007, the date the use of force occurred.  Plaintiff did not file this action until January 15, 2015 (with application of the mailbox rule), and the statute of limitations expired on January 30, 2011.  Accordingly, any excessive force claim is barred by the statute of limitations and must be dismissed.

### C.      Inmate Grievance Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff cannot base an independent constitutional claim on the handling or outcome of an inmate appeal.  Thus, prisons officials are not liable for a due process violation for simply failing to process an appeal property, denying an inmate or granting an inmate appeal.  See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2

10

1   (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate

2   grievances without any basis failed to show a deprivation of federal rights).  Accordingly, Plaintiff

3   fails to state a cognizable claim for relief related to the inmate grievance procedure.

4           **D.      Access to the Courts**

5           Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

6   U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588

7   F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he

8   suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."

9   Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348)

10  (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518

11  U.S. at 351; Phillips, 588 F.3d at 655.

12          Based on Plaintiff's allegations in the second amended complaint, Plaintiff states a cognizable

13  claim for denial of access to the Courts against Defendants Barron, Goings, Rivera, Hubach, and

14  Derral G. Adams.

15                                          **IV.**

16                              **CONCLUSION AND ORDER**

17          Plaintiff states a cognizable claim against Defendants Barron, Goings, Rivera, Hubach, and

18  Derral G. Adams.   With regard to the remaining claims and Defendants, Plaintiff was previously

19  notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance

20  from the Court, Plaintiff's second amended complaint is largely identical to the first amended

21  complaint.  Based upon the allegations in Plaintiff's original complaint, first amended complaint, and

22  second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts

23  that would support any other cognizable claims for relief, and further amendment would be futile.  See

24  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend

25  when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

26  Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

27  ///

28  ///

                                            11

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's due process claims are dismissed for failure to state a cognizable claim for relief;

2.  Plaintiff's excessive force claim is dismissed as barred by the statute of limitation;

3.  This action shall proceed on Plaintiff's denial of access to the courts claim against Defendants Barron, Goings, Rivera, Hubach, and Derral G. Adams;

4.  Service shall be initiated on the following defendants:

    **M. Barron**

    **R. Goings**

    **I. Rivera**

    **R. Hubach**

    **Derral G. Adams**

5.  The Clerk of the Court shall send Plaintiff five (5) USM-285 forms, five (5) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Second Amended Complaint filed March 2, 2016;

6.  Within thirty (30) days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a.  One completed summons for each defendant listed above;

    b.  One completed USM-285 form for each defendant listed above;

    c.  Six (6) copies of the endorsed Second Amended Complaint March 2, 2016; and

    d.  All CDCR Form 602 documentation submitted in relation to this case;

7.  Plaintiff need not attempt service on the defendants and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

///

12

1    8.    The failure to comply with this order will result in dismissal of this action.

2

3  IT IS SO ORDERED.

4  Dated:   __May 26, 2016__

5                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13