UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW POWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. BARRON, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00089-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF CERTAIN CLAIMS FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 42, 44] |

　　　　Plaintiff Matthew Powell is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 2, 2015.  Local Rule 302.

　　　　Currently before the Court is Plaintiff's motion for reconsideration of the dismissal of certain claims for failure to state a cognizable claim for relief, filed July 18, 2016.

**I.**

**DISCUSSION**

　　　　The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th

Cir. 2008) (internal quotation marks omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In his motion for reconsideration, Plaintiff merely asserts the same arguments as presented in his second amended complaint.  On May 26, 2016, the Court found, in a reasoned decision, that Plaintiff's allegations in the second amended complaint failed to give rise to a cognizable due process based on the search of his cell or denial of his inmate grievances, and Plaintiff's excessive force claim was barred by the statute of limitations.  (ECF No. 33.)  Plaintiff's disagreement with the Court's ruling is insufficient to warrant reconsideration.  See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Az. 2003) (a motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision); see also Leong v. Hilton Hotels Corp., 689 F.Supp. 1572, 1573 (D. Haw. 1988) (mere disagreement with a previous order is an insufficient basis for reconsideration).  Accordingly, Plaintiff's motion for reconsideration shall be denied.

///

///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed July 18, 2016, is DENIED.

IT IS SO ORDERED.

Dated: **August 10, 2016**

UNITED STATES MAGISTRATE JUDGE