UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW POWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BARRON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00089-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT BE DENIED<br><br>[ECF No. 55] |

Plaintiff Matthew Powell is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 2, 2015.  Defendants have not consented or declined to United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendants' motion to dismiss, filed November 15, 2016.

**I.**

**PROCEDURAL HISTORY**

This action is proceeding against Defendants Barron, Goings, Rivera, Hubach, and Derral G. Adams for denial of access to the courts.

As previously stated, Defendants filed a motion to dismiss on November 15, 2016. Defendants also filed a request for judicial notice.  Although Plaintiff received two extensions of time,

1

Plaintiff did not file an opposition. Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A.   Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Defendants argue that the action should be dismissed on the ground that Plaintiff access to court claim is barred by the favorable-termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994).

///
///
///

2

**B.      Complaint Allegations**

In January 2007, Plaintiff's cell had been searched three to four times and items were removed from his cell without correctional officers leaving a cell search receipt. (2d Am. Compl. at 5.) On January 30, 2017, Defendants Barron and Goings seized and destroyed personal property including some of Plaintiff's legal files which contained trial transcripts, case law, briefs, notes, and forms. (Id. at 7, 11.) On September 9, 2008, after Plaintiff recovered his legal files with the help of his family, Plaintiff filed a habeas corpus petition in the United States District Court for the Southern District of California, Case 3:08-cv-01724 DMS AJB. (Id. at 14; Req. Jud. Not., Ex. 4, Petition for Writ of Habeas Corpus.) Plaintiff's habeas corpus petition was dismissed, with prejudice, as time barred. (2d Amd. Compl. at 14.)

**C.      Defendants' Request for Judicial Notice**

Defendants move for judicial notice of the following exhibits: (1) Abstract of Judgment filed in the Superior Court of San Diego, Case SCD171766, filed on June 16, 2004 (Ex. 1); (2) Unpublished Opinion of the Fourth District Court of Appeal, Case D044521, on December 15, 2005 (Ex. 2); (3) Denial of Petition for Review by the California Supreme Court on March 1, 2006 (Ex. 3); (4) Petition for Writ of Habeas Corpus filed in the United States District Court for the Southern District of California, Case 08-cv-1724 DMS AJB, on September 17, 2008 (Ex. 4); (5) Order granting motion to dismiss petition for writ of habeas corpus with prejudice in Southern District Case 08-cv-1724, filed on June 15, 2008 (Ex. 5); and (6) Judgment in Southern District Case 08-cv-1724, filed on June 15, 2008 (Ex. 6).

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v.

1  Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802
2  n.2 (9th Cir. 2002).  This includes documents filed in state courts.  Harris v. Cnty. of Orange, 682 F.3d
3  1126, 1132 (9th Cir. 2012).

4      The Court has taken judicial notice of the Exhibits 1 through 6 submitted by Defendant as such
5  documents are appropriate for judicial notice.  (ECF No. 55-2, Exs. 1-6.)

6      **D.     Findings on Defendants' Motion**

7      Defendants argue that Plaintiff's access to the courts claim is barred as a matter of law by the
8  Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).

9      On March 18, 2004, after two mistrials, a jury convicted Plaintiff on multiple felony counts of
10 robbery, burglary, attempted burglary, and conspiracy to commit a crime, and sentenced him to
11 twenty-two years and eight months in prison.  (Ex. 1.)

12     On January 26, 2005, Plaintiff appealed his conviction in the Fourth Appellate District.  (Ex. 2;
13 People v. Powell (Cal. Ct. App., Dec. 15, 2005, No. D044521) Apr. 28, 2005, No. B248565) 2005 WL
14 3445565, at *1 [nonpub. Opn.].)  Plaintiff filed a petition for review with the California Supreme
15 Court, which was denied on March 1, 2006.  (Ex. 3, En Banc Denial of Pet. for Review.)

16     In January 2007, Plaintiff's cell was subject to search and items were removed.  On January
17 30, 2007, Defendants Barron and Goings seized and destroyed personal property, including some of
18 Plaintiff's legal papers.  On September 9, 2008, after Plaintiff recovered his legal files with the help of
19 his family, Plaintiff filed his habeas corpus petition in the United States District Court for the Southern
20 District of California Case No. 3:08-cv-01724 DMS AJB.  (Ex. 4, Petition for Writ of Habeas Corpus.)

21     On June 15, 2009, the Southern District granted the Defendants' motion to dismiss as time
22 barred and ordered the action dismissed with prejudice, and judgment was entered.  (Exs. 5 & 6.)

23     It has long been established that state prisoners cannot challenge the fact or duration of their
24 confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v.
25 Dotson, 544 U.S. 74, 78 (2005).  Often referred to as the favorable termination rule or the Heck bar,
26 this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to
27 invalidate the duration of their confinement-either directly through an injunction compelling speedier
28 release or indirectly through a judicial determination that necessarily implies the unlawfulness of the

1  State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994);
2  Edwards v. Balisok, 520 U.S. 641, 644 (1997).  Thus, "a state prisoner's [section] 1983 action is
3  barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter
4  the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if
5  success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id.
6  at 81-82.
7        Defendants argue that although Heck concerned a due-process claim, the "favorable
8  termination" rule applies to prisoners' § 1983 actions regardless of whether it is based on the First
9  Amendment or Fourteenth Amendment, so long as the granting of the prisoner's claim would
10 necessarily imply the invalidity of the underlying disciplinary finding.  Defendants acknowledge,
11 however, that the Ninth Circuit has not yet addressing the interplay of the Firth Amendment and Heck
12 as applied to a claim of denial of access to the courts.  See Kock v. Jester, No. 6:12-cv-00613, 2014
13 WL 3783961, at *4 (D. Or. July 31, 2014).
14       Defendants submit that the Seventh Circuit and several district courts in the Ninth Circuit have
15 applied Heck to bar access to the court claims.  See Burd v. Sessler, 702 F.3d 434-45 (7th Cir. 2012)
16 (barring a prisoner's claim that prison staff interfered with his attempt to withdraw a guilty plea
17 because the prisoner could not show he was harmed without implying the invalidity of his plea-based
18 conviction); Hoard v. Reddy, 175 F.3d 531, 533-34 (7th Cir. 1999) (barring prisoner's claim for
19 damages from lost opportunity to seek habeas relief from his conviction; Nance v. Vieregge, 147 F.3d
20 589, 591-92 (7th Cir. 1998) (barring access-to-court action because awarding damages to the plaintiff
21 for the lost opportunity to withdraw his guilty plea would necessarily imply that his conviction and
22 sentence were invalid); see also Kock, 2014 WL 3783961, at *5 (citing Gregory v. County of San
23 Diego, NO. 13-cv-1016-WQH-JMA, 2013 WL 5670928, at *5 (S.D. Cal. Oct. 15, 2013 (dismissing
24 access-to-court claim that county jail staff refused the plaintiff's request for library access needed to
25 challenge her criminal conviction and sentence); Collins v. Corr. Corp. of Am., No. 3:10-cv-00697-
26 RCJ-V, 2011 WL 768709, at *2 (D. NEv. Jan. 26, 2011) (dismissing claim that state officers refused
27 the plaintiff's repeated requests for documents needed to challenge his conviction and sentence); Cole
28 v. Sisto, Civ. No. S-09-0364 KMJ P, 2009 WL 2230795, at *4 (E.D. Cal. July 24, 2009) (dismissing

prisoner's claim that prison officials denied him access to his typewriter needed to defend himself in criminal case).

The Court declines to extend the holding in Heck to Plaintiff's access to courts claim in this case, given the lack of direct authority on the issue from the Ninth Circuit and the Circuit's most recent decision in Nettles v. Grounds, 830 F.3d 922 (July 26, 2016) (en banc).  In Nettles, the Ninth Circuit Court of Appeals held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983[.]" Nettles, 830 F.3d at 931, 934 (citations omitted).  The Court found that success on the merits of petitioner's challenge to the disciplinary proceedings would not necessarily impact the fact or duration of his confinement, and therefore it did not fall within "the core of habeas corpus."  The Court reasoned that "[s]uccess on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."  Id. at 934-35.  The Court remanded the case back to the district court to determine whether the claims could be brought by way of a civil rights complaint under section 1983.  Success on Plaintiff's access to the courts claim will not necessarily impact the fact or duration of his confinement, and therefore the Court finds it does not fall within "the core of habeas corpus" as defined by Nettles.[1]  Indeed, all of the district court decisions cited by Defendants pre-date the Ninth Circuit's holding in Nettles.  In addition, as this Court is in the Ninth Circuit, it is not bound to follow out-of-circuit authority from the Seventh Circuit.  Based on the record and limited law on the issue, the Court finds that Defendants' motion to dismiss Plaintiff's access to the courts claim as barred by Heck should be denied.

///
///
///

---

[1] Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 402, 412-15 (2002).  For backward-looking claims, such as here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss the action as Heck barred be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2017**

UNITED STATES MAGISTRATE JUDGE