UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW POWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BARRON, et al.,<br><br>　　　　　Defendants. | 1:15-cv-00089-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 71) |

### I. Procedural Background

Plaintiff Matthew Powell ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeded on Plaintiff's second amended complaint against Defendants for loss or destruction of his legal papers resulting in the failure of Plaintiff's habeas claim. Plaintiff claims that the Defendant officers took action against him because he requested a search receipt which they refused to give. Thereafter they issued him an allegedly false disciplinary report to cover their misconduct. Based on that incident Plaintiff contended that he was denied access to court and several other claims. The Magistrate Judge found cognizable only Plaintiff's access to courts claim. Doc. 33.

On November 15, 2016, Defendants filed a motion for dismiss based on the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Ultimately, this Court granted Defendants' motion, finding that Plaintiff's access to court claim was barred by *Heck* because it tended to suggest the invalidity of his conviction. Fourteen days after entry of judgment, Plaintiff

filed a motion for reconsideration of this Court's ruling, reiterating his disagreement with the *Heck* bar as applied to this case and arguing that the Court failed to address his retaliation claim. For the following reasons, Plaintiff's motion will be denied.

## II. Motion for Reconsideration

A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment. *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e). Plaintiff filed his motion 14 days after entry of judgment.

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. *School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986).

The Court has considered Plaintiff's moving papers, but does not find that they support relief under Rule 59(e) due to highly unusual circumstances. Plaintiff's access to courts claim relating to the denial of his habeas petition is barred by *Heck*. Success on that claim would necessarily imply the invalidity of Plaintiff's conviction. Next, it was made clear to Plaintiff at the screening stage of this action that his only surviving claim was his access to courts claim. If he disagreed with that determination, he should have sought reconsideration of that order at that time. Plaintiff failed to do so.[1] The Court's non-consideration of the dismissed claim was not error.

---

[1] Even if this Court construed Plaintiff's instant motion as a motion for reconsideration of the prior screening order, the Court's judgment would not be modified. In seeking reconsideration of an order, Local Rule 230 requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fail to carry the moving party's burden." *Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218, 1236 (E.D. Cal. 2010); *United States v. Westlands Water*

In light of *Williams v. King*, 875 F.3d 500, 503-504 (9th Cir. 2017), the Court has reviewed the screening order issued by the Magistrate Judge. The Court agrees with the reasoning and conclusions of the Magistrate Judge. The non-cognizable claims previously dismissed by the Magistrate Judge remain dismissed.

### III. Order

For the reasons stated, Plaintiff's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

Dated: March 2, 2018

_____
SENIOR DISTRICT JUDGE

---

*Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Arteaga*, 733 F.Supp.2d at 1236; *Westlands Water*, 134 F.Supp.2d at 1131.

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Prisoners have a First Amendment right to submit grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Retaliation against a prisoner for taking such a protected activity gives rise to a retaliation claim. Plaintiff's demand for a cell search receipt instead of returning to his cell as commanded is not protected speech activity. Defendants' conduct of chasing Plaintiff down and forcibly returning Plaintiff to his cell in response to Plaintiff's demand for the cell search receipt and subsequent fleeing does not give rise to a retaliation claim. *See Stewart v. Holland*, 2015 WL 8541651, *8 (E.D. Cal. Dec. 8, 2015); *Garland v. Skribner*, 2008 WL 4490790, *5 (E.D. Cal. Oct. 2, 2008).